In United States v. Darling first and then the calendar will follow along in the regular order. Good morning Mr. Johnson. Good morning your honor. May it please the court I'm Barkley Johnson pleased to be here on behalf of Mr. Darling. I want to address the district court's decision to deny Mr. Darling's motion to file a leg appeal first. The excusable neglect or good cause standard is an equitable one that focuses on the circumstances as a whole and not one factor to the exclusion of the other. In general this is... Mr. Johnson sorry to interrupt you but can I sort of move you along? Sure. I'm sure the answer to that is yes. It seems to me and let me frame it this way that your best argument that you want to have a chance to have an appeal is that the court was without jurisdiction to do to impose the term on the supervise violation of supervised release. Would you agree with that? I think that's one of the strongest yes. All right so can I I would tend to I'm speaking only for myself I would tend to agree with you on that so I would like to focus you on that argument if you don't mind. Okay that argument in the context of the leg appeal or just the substantive point? The jurisdiction of the court to to to impose a sentence in the supervised release violation matter. Sure the substantive claim here is a matter of statutory construction deals with whether under 36 24e a term of supervised release is told during a period of pre-trial detention. Here Mr. Darling's term of was to expire on June 30th of last year. No warrant or summons was filed as might have extended it under 35 83i. He was not sentenced until October of the same year on October 1st the same day his supervised release violation was heard and he was sentenced on that as well. And our claim is that under 35 36 24e a person is not imprisoned in connection with the conviction when that individual is detained pre-trial. This would be contrary to the holdings of several circuits right the 4th 5th 6th 11th and and even the DC circuit which took a different interpretation than the others. We think that DC circuit is is in keeping with our interpretation. They focus on you know the verb tense but I think they're making the same distinction between pre-trial detention and imprisonment following a conviction. Interpretation afford your client any relief? I believe so. In Marsh they the court is saying based on the verb tense a person in pre-trial detention is in pre-trial detention. That person is not imprisoned in connection with the conviction because a conviction has not yet happened. That's the same facts fundamentally as we have here. The conviction here occurred correct me if I'm misremembering the the timeline but I thought the conviction was in June in this case. The plea was taken in June but I think the plea was conditional though was it not? In in what? It was I think following the usual course at least as I understand what happens in the district of Vermont the judge said well I'm I will wait to approve the plea so to that extent it wasn't the plea agreement it wasn't approved until ultimately sentence was imposed or do I have the record wrong? I think in this case uh Judge Rice's normal course is to accept both at the time. At the time? Yes I have to go back and look but. Did she pronounce him guilty at the time she accepted the plea and then said now we'll set it for sentencing and then you went forward to sentence? She did. Okay. We don't think that matters though because the a conviction isn't final until the judgment is entered. The same sort of backward looking analysis that caused the DC circuit the ninth circuit to have pause about this exists if you're going to set the the event as the the plea. What happens if the person withdraws the plea? It happens you know with some regularity jurisdiction would then evaporate. Well doesn't doesn't it require both sides to agree to the agreement that's been accepted by the court? No and that's not and that not all courts do it the same. For instance in Vermont some judges as Judge Hall suggested are a little bit more conditional about it. Some judges accept the plea and the plea agreement at the same time triggering a different standard for withdrawal of the plea and it's you know different you know the differences expand beyond there. We're not just dealing with federal cases you know this this law this rule and provision covers state sentences too where a multitude of multitude of different procedures would govern all of which you know are going to present the same backward looking analysis. The cases we think though that one of the strongest points is the the statutory scheme involved here where in title 918 there are a number of provisions we cite them in our brief and let me just mention a couple expressly expressly distinguished between imprisonment and pre-trial detention. 3585 in section A for instance says that a term of imprisonment begins when a person is received into custody at the facility where the sentence will be served and in B expressly differentiates between pre-trial detention and imprisonment. Now it says that pre-trial detention time can be served credited towards a term of imprisonment but it doesn't convert pre-trial detention into imprisonment and we know from the Supreme Court that pre-trial detention is not imprisonment it's a regulatory detention. Let me just ask you on the other hand in in terms of determining this the period of of the period of imprisonment? It is and that's what I well it's it's credited to it's not it's not there's no magic it's not converted into imprisonment and we know as I was saying the Supreme Court has said pre-trial detention is regulatory in nature it's not punishment. But we we wind up with the same the backward looking you know unless we follow this the clear rule set forth by the Ninth Circuit the D.C. Circuit where if you want to extend jurisdiction file the warrant or summons you wind up in a position where a district court's jurisdiction is going to be contingent on future action by the BOP granting that credit or a state department of corrections to grant that credit and we can think of no other circumstances in which you know an article three court's jurisdiction is unknown and contingent on you know a future act by another branch of government. Thank you Mr. Johnson. Mr. Vandegraaff. Good morning your honors Paul Vandegraaff AUSA from Vermont let me first thank the court for its accommodation of my personal problem today to let me go first. Of course Mr. Vandegraaff let me ask you I posited that if the district court were without jurisdiction which seems at least to me to be the swing issue here would you agree that that appeals that the right to appeal should have been granted? No we don't agree with that you know there's different kinds of jurisdiction the court has talked about we haven't really briefed this matter jurisdiction in the sense that it was appropriately dealing with supervised release. I mean the court had subject matter jurisdiction over supervised release the real question is whether or not it sort of lost that power because of the timing issues set up by congress and the government would argue that that kind of subject matter that kind of jurisdictional issue that kind of question of court power is different from the kinds of court power that the Supreme Court and this court have said the court always has the power to assess. There are some kinds of lack of jurisdiction the court says is always curable no matter when it sort of comes up and we believe that in this case though it hasn't been briefed this kind of power issue which is about sort of a more like a statute of limitations sort of question than a subject matter jurisdiction question does not fall within that kind of ability for the court to always assess. So we do think that the timing rules what's that it's waivable by the defendant yes it's waivable by the defendant um that is it so should we be examining this issue for uh clear um sorry clear error well I mean we did not we have not raised the plain error argument which is which is which is out there because we think the other arguments we have are probably better and we didn't really feel like you know having too many arguments in this brief but I think plain error analysis probably would apply if um if one were to were to analyze it we think that the issue of whether the notice of appeal was properly filed or whether the court abuses discretion in denying the uh late filing that that's very clear the facts in this case show that this defendant explicitly chose not to appeal during the 14-day period um you know it took a while to get this out but it became clear after the court's analysis that on the 13th day of the appeal period defense counsel checked in with the defendant he did not want to appeal it's only till deep into the 30 days that he changes his mind and I think under pioneer investment uh and the other cases that this isn't even neglect let alone excusable neglect the supreme court in pioneer investment analyzes the definition of neglect first then it then it analyzes the definition of excusable what's excusable neglect and the government's position would be that it would be unfortunate for this court to say that a defendant has basically 44 days to change their mind and decide to appeal because that's really what the defense is arguing there is no decision during the 14 days that just wasn't brought to the court's attention in time this is a defendant who is deep into the 30-day extension deciding to uh trigger his right to appeal and that we believe would sort of set rule four on its head turning to the facts that the court was talking about with of the guilty plea I believe she did defer decision on the plea agreement until the plea until the sentencing hearing because it was at which time it was a sea plea and she uh she waited until the pre-sentence report to decide that but when she accepted that guilty plea and adjudged him guilty he was in a different place he was no longer in pre-trial detention in fact of the bail statute as I'm sure the court is aware there's a different bail provision different detention rules for somebody before the guilty plea and then after the guilty plea I think by any reading of the statute other than the ninth circuit he was imprisoned in connection you know as a result of his conviction he was now detained because he was convicted of a felony and so even under the dc circuit's view judge livingston we'd argue that uh mr darling doesn't uh that it was told at least as of june 22nd so really the only the only case that in the government's view would benefit mr darling is the ninth circuit's analysis uh and we disagree for the reasons we've stated in our brief that the court should follow the ninth circuit's view indeed query whether the court should even reach the issue in this sort of tangled little area in light of all the other circumstances on this appeal uh unless the court has any other questions the government will rest on its brief let me pose you a hypothetical and I know your first response is going to be so you don't have to give it that well that's not the facts of this case but let's say somebody is is held as uh mr darling was in pre-trial detention uh instead of negotiating a plea there's a suppression motion um and uh the uh the case is tossed or the government loses the suppression motion and decides not to continue with the case does the pre-trial detention time count in terms of some form of tolling in some no for pure pre-trial attention that is for detention before the guilty plea if somehow or another the conviction were to not go forward for some reason the case were to fall apart then tolling would not apply um there is at least for that period before the guilty plea some looking back that is necessary uh under the statute under the interpreting of the statute that the bulk of the courts have have held that is the fourth circuit the sixth circuit the fifth circuit and the 11th circuit all acknowledge that there might be a need for some looking back but that looking back made sense to those courts and the government certainly believes that that's the best still the best reading of the statute uh if the court needs to reach that issue but yes the court would sort of not be able to toll when the case fell apart any other questions for the government thank you your honors thank you mr vanderbilt mr johnson you've reserved three minutes for rebuttal thank you the issue was raised uh to a certain extent that judge rice obviously ruled on uh the motions for reconsideration and said she did not believe there was a jurisdictional problem but there's fundamentally there's a bright line rule that stems from the ninth circuit or dc circuits reading and that is it gives everyone clarity you file the warrant or summons when there's any chance that the time of supervised release might run um in terms of whether change of mind someone's change of mind can be excusable neglect as counsel says this pioneer court analyzes neglect and excusability separately but defines neglect to be uh something that encompasses both simple faultlessness simple faultless omissions to act and more commonly omissions caused by carelessness and we submit that a simple failure to act or even a carelessness as to deadlines in terms of that hypothetical i think the the court is getting a there are more instances in which there's going to be this sort of backward looking um contingent jurisdiction which is troubling for example it's not just you know where this fact pattern where the cases proceed the supervised release and underlying criminal case proceed in tandem it's not unusual for a supervised release case to be heard first maybe someone wants to do some discovery put witnesses on the stand and you know if the subsequent criminal case doesn't result in a conviction then then you know jurisdiction evaporates and this is you know well we know we have some clarity about when uh the bop might credit time we don't know we have significantly less clarity about when the 50 plus other jurisdictions are going to credit time what what was what do you assert was congress's purpose in setting up the statute the way you would have us interpret it i think maybe to respond to some of the courts talking about surplusage we don't we don't see surplusage so the in connection imprisonment in connection with the conviction we think one reason one reasonable reading of that is there are several different types of sentences that can be opposed upon conviction imprisonment is one of those and so specifying imprisonment in connection with the conviction just tells us as opposed to probation as opposed to probation or home detention or a fine or location monitoring um and i'm not sure if that entirely answers your question but um well i mean it just seems to me that the language is fairly clear on its face and i'm just uh i'm trying to figure out if what was congress trying to guard against what would what would you say congress was trying to guard against and trying to cabinet the way it has i think it had in mind circumstances where someone actually sustains a conviction is in custody serving that conviction and sometime thereafter the supervised release term runs and that's what they had in mind congress also as the dc circuit said you know put in place a bright line rule all to to eliminate all doubt all you've got to do is file the warrant or or summons and the district court retains jurisdiction and we don't just in closing say we don't think this is some sort of a second class jurisdiction issue this is jurisdiction either exists or it unless the court has any other questions we'll thank you mr johnson thank you both um we'll reserve decision